In the Matter of DONALD T. COOK, Respondent, *v.* JOHN M. GRIFFIN et al., Constituting the School Board for Hamburg Central School District, Appellants, and EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Intervenor-Appellant.

Fourth Department, February 28, 1975.

*Phillips, Lytle, Hitchcock, Blaine & Huber (David E. Floyd* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for intervenor-appellant.

*Berg & Cornell (Donald T. Cook* and *Kenneth F. Joyce* of counsel), for respondent.

MOULE, J. P. The question presented on this appeal is whether a public school district is required to provide bus transportation to nonpublic schools for use in connection with field trips conducted by the nonpublic schools as part of their educational curriculum.

Petitioner, a resident of the Hamburg Central School District, is the father of four children who attend St. Bernadette's School, a Roman Catholic parochial school located within the geographical boundaries of the Orchard Park Central School District. On October 11, 1971 the principal of St. Bernadette's sent a letter to the Superintendent of Schools for the Hamburg School District, requesting that the Hamburg District provide St. Bernadette's with bus transportation for an educational field trip to the Ontario Science Center in Toronto, Ontario. Four days later, in another letter, similar transportation was requested for a field trip to a dairy farm. The names of the St. Bernadette's students, including those of petitioner's children, who were residents of the Hamburg School District and who would be participating in each trip, were listed in the letters. The educational value of field trips as a part of the St. Bernadette's curriculum was stressed, as was the contention that St. Bernadette's nonpublic, parochial nature should not be a barrier to obtaining publicly financed transportation.

It is apparent from the record that the school district took no immediate action on the transportation request. On December 13, 1971 petitioner, acting as the father of four St. Bernadette's students, asked the Board of Education of the Hamburg Central School District to approve the funding and furnishing of transportation for field trips and other special activities to be conducted by St. Bernadette's. The school board, however, refused, stating that upon the advice of the State Commissioner of Education the expenditure of public funds or facilities for field trips or other special activities conducted by nonpublic schools was not authorized by statute and, furthermore, that because of St. Bernadette's parochial nature such assistance would violate section 3 of article XI of the New York

State Constitution, a provision popularly known as the Blaine Amendment.

Petitioner thereupon commenced a special proceeding under article 78 of the CPLR to obtain review of the school board's decision. The petition named the Hamburg School Superintendent and members of the board of education as respondents and demanded a judgment " directing and commanding respondents to provide transportation to and from school related activities for children of petitioners and all other pupils enrolled at said St. Bernadette's School." It alleged, in substance, that section 3635 of the Education Law, which does not specifically refer to field trips, requires a school district to furnish transportation to all students who reside within its boundaries, irrespective of the public or nonpublic nature of the schools which they attend; that to deny equal transportation to nonpublic school children would be to deny them equal protection of law in violation of the Fourteenth Amendment to the United States Constitution and section 11 of article I of the New York State Constitution; and that providing such transportation by the school district would not contravene either the Establishment Clause of the First Amendment to the United States Constitution or section 3 of article XI of the New York State Constitution.

Prior to serving its answer the school board moved to dismiss the petition on the ground that petitioner had failed to obtain review by the Commissioner of Education before seeking judicial intervention. The board's motion was denied, however, and no appeal was taken. In its answer the school board reaffirmed its position that no statutory authority existed which would allow it to provide the transportation demanded by petitioner and set forth the provisions of the Blaine Amendment and those of the First and Fourteenth Amendments to the United States Constitution as affirmative defenses.

Pursuant to a stipulation between the parties dated January 9, 1973 an order was issued permitting the New York State Attorney-General to intervene in the proceeding. As intervenor, the Attorney-General filed an answer contending that the Blaine Amendment and section 3635 of the Education Law go no further than to allow public school districts to provide for transportation of nonpublic school children between their homes and schools and that other forms of transportation assistance are specifically excluded. The answer further maintained that the provision of transportation for nonpublic school field trips is barred by the Establishment Clause of the First Amendment and that nothing in the Equal Protection Clause requires otherwise.

With the issues so joined, and no material question of fact presented, Special Term, Supreme Court, Erie County, granted judgment in favor of petitioner and issued an order directing the school board to provide equivalent field trip transportation to both private and public school children residing within the Hamburg Central School District. In so doing Special Term found that no statutory or constitutional provision specifically authorizes a school district to provide field trip transportation to any student, public or nonpublic, and that the board's decision to deny such service to nonpublic school students, while concededly providing it to public school students, was an exercise of discretion which discriminated against nonpublic school students in violation of their constitutional right to equal protection of law. The court further held that nothing in the Establishment Clause of the First Amendment served to bar the school district from complying with its directive in that the service to be rendered was nonideological in nature and provided no reason for the district to become excessively entangled in the affairs of St. Bernadette's School.

Both the school board and the Attorney-General filed notices of appeal from the judgment of Special Term but, because of the State-wide issues of educational significance raised by this case, the State Commissioner of Education has been substituted for the Attorney-General as intervenor-appellant.

In considering the issues presented by this appeal, we begin by taking cognizance of the well-established proposition that a public school district is a creature of statute and has only such powers as are delegated to it by the Legislature (*Bassett* v. *Fish*, 75 N. Y. 303; *Ocorr & Rugg Co.* v. *City of Little Falls*, 77 App. Div. 592, affd. 178 N. Y. 622; *Matter of Leone* v. *Hunter*, 21 Misc 2d 750; *Cannon* v. *Towner*, 188 Misc. 955). Subdivision 3 of section 1709 of the Education Law empowers a school district to "prescribe the course of study by which the pupils of the schools shall be graded and classified". Subdivision 5 of section 1709 of the Education Law, in broad terms, authorizes a district "to make provision for the instruction of pupils in all subjects," and subdivision 33 of section 1709 of the Education Law gives a district all powers "reasonably necessary" to implement its statutory authority. These three legislative enactments confer a wide range of unexpressed, but implicit, powers upon school districts. Among these is the authority to conduct educational field trips, since field trips are nothing more than an alternative to classroom instruction as a means of providing for the instruction of pupils. The Legislature.

however, has not by these enactments, empowered school districts to provide for the education of nonpublic school children in any manner and, if such authority exists, it must be found elsewhere in the statute. Petitioner contends that subdivisions 25 and 27 of section 1709 of the Education Law and subdivision 1 of section 3635 of the Education Law require that school districts provide transportation to nonpublic school children. He asserts that the provision of such transportation includes that required to support nonpupublic school field trips which, it is conceded, are also a part of the nonpublic school's educational curriculum. We do not think that the statute goes so far.

Subdivision 1 of section 3635 of the Education Law requires public school districts to provide transportation to " all the children residing within the school district *to and from* the school they legally attend ". (Emphasis supplied.) The State Education Department has consistently held that this mandates the provision of transportation to public and nonpublic school students alike (*Matter of Shields,* 10 Ed. Dept. Rep. 239; *Matter of Alberga,* 8 Ed. Dept. Rep. 78; *Matter of Pietrowski,* 8 Ed. Dept. Rep. 77). However, the statute is worded entirely in terms of providing transportation services " to and from " schools and makes no reference whatsoever to field trips. We believe that had the Legislature intended subdivision 1 of section 3635 to authorize public school districts to provide transportation for nonpublic school field trips, it would have so stated.

There are instances in which the State does extend assistance to nonpublic schools. However, this always has been pursuant to specific statutory authority. For example, the furnishing of transportation to nonpublic school students to and from school has been provided in section 3635 of the Education Law. Section 701 of the Education Law authorizes public school districts to loan textbooks to nonpublic school students and section 912 of the Education Law provides for the extension of health and welfare services to students of nonpublic as well as public institutions.

Subdivisions 25 and 27 of section 1709 of the Education Law are not the kind of express provisions extending assistance to nonpublic schools as are found elsewhere in the statute. Subdivision 25 simply empowers a school district to purchase and maintain motor vehicles to be used for transportation of the school children of the district. Subdivision 27 permits a school district, as an alternative, to contract for such service. Neither, in and of itself, authorizes the provision of

transportation. Rather, these subdivisions merely enable a district to perform the transportation duties imposed upon it by other sections of the law.

We think it clear that a public school district has the inherent power under subdivisions 3, 5 and 33 of section 1709 of the Education Law to provide field trips as part of the educational curriculum of the public schools. We think it equally clear that the statute confers no corresponding authority upon school districts with respect to providing such trips for nonpublic schools. Since the school district in this case was without authority to provide the transportation demanded by petitioner, Special Term erred in failing to dismiss this petition.

We do not believe that the failure of the school district to make field trips available to nonpublic school students violates their right to equal protection of law under the United States and New York State Constitutions. Special Term found that no statutory authority existed for providing field trip transportation to either public or nonpublic schools. We have found that authority did exist to transport public school students on field trips but not nonpublic school students. Either way we are dealing not with the question of what a school district may do but what it must do (*Luetkemeyer* v. *Kaufmann*, 364 F. Supp. 376; *Brusca* v. *Missouri*, 332 F. Supp. 275, affd. 405 U. S. 1050).

While there is no question that parents clearly have the right to send their children to nonpublic schools (*Pierce* v. *Society of Sisters*, 268 U. S. 510), there is no corresponding right to equal aid or even to any aid at all in the absence of specific legislative authorization (*Norwood* v. *Harrison*, 413 U. S. 455; *San Antonio School Dist.* v. *Rodriguez*, 411 U. S. 1; *Lemon* v. *Kurtzman*, 403 U. S. 602). All children, regardless of religious affiliation or economic status in life, have an equal opportunity to attend public schools. The fact that a child, or his parent on his behalf, elects to forego that opportunity deprives him of nothing by State action (*Brusca* v. *Missouri, supra*). Furthermore, there is no fundamental constitutional right to an education (*San Antonio Independent School District* v. *Rodriguez, supra*). As Chief Justice BURGER said in *Norwood, supra* (p. 462), '' It has never been held that if private schools are not given some share of public funds allocated for education that such schools are isolated into a classification violative of the Equal Protection Clause.'' The instant situation fits well within these prescriptions. Moreover, assuming, *arguendo*, that Special Term's finding was correct that the school district was without statutory authority to provide field

trip transportation even for public school students, we should not condone one excess of authority by ordering still another in the name of equal protection. We do not understand how Special Term could hold that once the school district has violated the law, it must thereafter do so equally.

Since we have determined that no statutory authority exists to permit a public school district to transport nonpublic school students on field trips, we do not reach the question of whether, if there were such authorization, it would be violative of the Establishment Clause of the First Amendment.

Accordingly, the judgment of Special Term should be reversed and the petition dismissed.

SIMONS, MAHONEY, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously reversed on the law without costs and petition dismissed.