## ARKANSAS HEALTH PLANNING & DEVELOPMENT AGENCY *v.* HOT SPRING COUNTY MEMORIAL HOSPITAL

86-149                                           723 S.W.2d 363

Supreme Court of Arkansas
Opinion delivered February 9, 1987

*Steve Clark*, Att'y Gen., by: *George A. Harper*, Special Asst. Att'y Gen., for appellants.

*Winston Bryant*, for appellee.

ROBERT H. DUDLEY, Justice. The Hot Spring County Memorial Hospital filed an application with the Arkansas Health Planning and Development Agency for a Certificate of Need to establish and operate a Home Health Agency in Hot Spring County. After a review of the application, the administrative agency denied the request. Pursuant to the agency's rules, the hospital sought a review by an independent agency, which was granted, and then the independent agency remanded the matter back to the administrative agency for another adjudicatory

hearing. An adjudicatory hearing was held, and the hospital presented additional evidence to support its position. Again, the agency denied the application, and, again, the hospital requested a review by an independent agency. The decision of the administrative agency was sustained by the independent agency on the second review. The hospital next sought judicial review in circuit court. The circuit court found that the administrative agency decision was not supported by substantial evidence, was arbitrary and capricious, and constituted an abuse of discretion. It ordered the administrative agency to issue a Certificate of Need. The administrative agency appeals. We reverse the circuit court because there was substantial evidence to support the agency decision.

One who seeks a license has the burden of proving eligibility to the satisfaction of the licensing agency. *Williams* v. *Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983). The administrative agency, like a jury, is free to believe or disbelieve any witness and, on review, we give the evidence its strongest probative force to support the administrative decision. To establish an absence of substantial evidence to support the decision the appellant must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded men could not reach its conclusion. Finally, the question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. *Williams* v. *Scott, supra.*

In the case at bar, when the evidence is given its strongest probative force to support the administrative decision, there was substantial evidence to deny the granting of a Certificate of Need.

The decision to deny the Certificate of Need for a home health agency was made in accordance with the agency's regulations. The standard for granting a certificate is based upon a methodology which has been adopted as a rule by the Statewide Health Coordinating Council. That methodology employs a calculation which predicts the number of persons in each county who can be expected to need home health care at one time. A formula is then applied to that figure in order to project the resources needed to provide the required services to the patients. "Resources" includes administrative personnel as well as field

personnel such as registered nurses, licensed practical nurses, physical therapists, and home health aides.

The resources needed are then compared with those actually existing in the county in order to determine whether additional home health services are needed. When only a minute amount of statistical need is found to exist, as happened in the case at bar, the agency must determine whether the need is sufficient to justify the establishment of a new home health agency with its additional cost basis and its accompanying impact on demand for, and cost to, those home health agencies already authorized. In reaching its decision, the agency used set criteria which included need, relationship to the State Health Plan, less costly and more effective alternatives, relationship to the existing health care system, and efficiency and appropriateness of existing services and facilities.

In this case there was substantial evidence that four home health agencies were already certified to provide service to Hot Spring County. There was testimony that the Arkansas Department of Health, one of the authorized home health agencies, had the authority and ability to provide all resources needed, including additional nurses, to adequately staff home health services. The methodology for determining needed resources shows a need for 2.2 registered nurses, .6 licensed practical nurse, and 2.4 home health aides. At the time of the application, the four authorized providers employed 5.8 registered nurses, 0 licensed practical nurses, and 2.6 home health aides. Thus, there was a surplus of needed registered nurses and home health aides, but a shortage of .6, or three work days in a five day week, of a licensed practical nurse.

Against this minute shortage, the agency weighed the Health Department's willingness to bring in additional nurses, and the hospital's proposed solution. The hospital projected its first year's cost at $157,000.00. The Director of Home Health Services for the Arkansas Department of Health testified that 40% to 50% of that cost would be for overhead such as billing, accounting, supervision, rent, and utilities. He testified that $75,000.00 of the hospital's projected expenditure represented an unnecessary duplication of overhead costs. Based on this evidence, the administrative agency found that the hospital's pro-

posed project would be an unnecessary duplication of services, would represent an unnecessary cost, which would be apt to have an adverse impact on the health care costs in the service area. They obviously concluded that the Health Department's willingness to hire an additional licensed practical nurse was a better solution.

The hospital offered evidence that an in-house home health agency would be more convenient to the hospital and, in some ways, to the patient. The administrative agency found that a more efficient and appropriate solution for this problem was for the hospital to work in a closer and more coordinated manner with existing home health services.

The hospital contends that some of the evidence considered by the administrative agency is not reliable. The argument is without merit. Some of the evidence is hearsay, but many agency decisions are necessarily based upon telephone surveys, mail surveys, census surveys, and consultation with other health care providers. Such data can constitute substantial evidence in an administrative hearing where, as here, the hospital had the opportunity to question any resource data, but did not do so.

The agency decision was based upon a record of substantial evidence and was neither arbitrary nor capricious, nor did it constitute an abuse of discretion. The decision of the circuit court ordering the Arkansas Health Planning and Development Agency to issue a Certificate of Need is reversed and the agency's decision is upheld because it was supported by substantial evidence.

Reversed.