Judge BRIMER, Jr. *v.* ARKANSAS CONTRACTORS
LICENSING BOARD

92-1220                                      849 S.W.2d 948

Supreme Court of Arkansas
Opinion delivered March 29, 1993

*Thaxton, Hout & Howard*, by: *Steven G. Howard*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Rick D. Hogan*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This is an appeal of the White County Circuit Court's approval of a decision of the Arkansas Contractors Licensing Board (Board) to fine Judge Brimer, Jr. (Brimer) for acting as a contractor without a license in violation of Ark. Code Ann. § 17-22-101 (1987). We agree and affirm.

Michael Hoofman is an investigator with the Board. According to Hoofman's testimony before the Board, he first investigated the appellant, Brimer, when he was working on the Brown Sheet Metal Building in Gravel Ridge. Brimer told

Hoofman that he was getting out of the business and working for his cousin, Mrs. Brown. So, Hoofman closed the investigation without a hearing.

Hoofman next encountered Brimer when he was working as a contractor on the Russell Grocery Store in Russell, Arkansas. This investigation led to a hearing before the Board at which it voted unanimously to charge Brimer with a civil penalty of $547 to be suspended and ordered him to refrain from bidding on projects in excess of $20,000 prior to being properly licensed as a contractor.

Mr. Hoofman then testified as to the contracting job at issue stating that he was in Blytheville, Arkansas and saw a church, First United Pentecostal, under construction. He took photographs of it and then went up to Brimer, who was on the job site, and asked him how he was involved in the project. Brimer replied that he was being paid by the hour and that Pastor Stephen Spears was in charge.

Hoofman talked to Pastor Spears who indicated that Brimer had given him proposals and contracts for the concrete work and the metal building. The concrete work proposal quoted $15,000 and the building proposal quoted $16,000. Both of these proposals were signed by Brimer.

Hoofman next subpoenaed Razorback Concrete to obtain statements it had sent to the church. These statements totalled $16,814.16 for materials. And, according to a proposal by M.B.I. Enterprises, the metal for the building would total $75,084.80. This proposal is addressed to and signed by Stephen Spears.

After hearing this testimony, the Board voted unanimously to find Brimer guilty of violating the Contractor's Licensing Law and fined him $100 per day to the limit of three percent of his contract. This fine would be reduced to two percent if he obtains a license within one hundred twenty days. The Board's findings were:

### FINDINGS OF FACTS

1. Judge Brimer, Jr. has undertaken the position of contractor as defined in Section 1. (Act 150 of 1965 as amended), 1st United Pentecostal Church in Blytheville,

AR.

2. Judge Brimer, Jr. is not licensed by the Contractors Licensing Board.

### CONCLUSIONS OF LAW

Judge Brimer, Jr. is guilty of violating Section 13, Act 150, as amended. (See Act 180 of 1985.)

### ORDER

(1.) The Board voted unanimously that Judge Brimer, Jr. shall pay a civil penalty of $3,687.00, suspended to $2,458.00 upon licensure within 120 days of receipt of this Order and refrain from bidding on or performing work on any projects in excess of $20,000.00 prior to being licensed with the Contractor's Licensing Board.

DONE AND SO ORDERED this 8th day of May, 1992.

Brimer appealed this decision to the White County Circuit Court. After reviewing the transcript of the hearing and briefs submitted by both sides, the court affirmed the decision of the Board. It is from this decision that Brimer brings this appeal.

Brimer claims that proper interpretation of the statute, Ark. Code Ann. § 17-22-101 (1987) leads to the conclusion that he is not a contractor.

The language of the statute clearly indicates that in determining whether a person is a contractor, the court should look at the total costs of the contracting job:

> As used in this chapter, unless the context otherwise requires, "contractor" means any person, firm, partnership, association, corporation, or other organization, or any combination thereof, who, for a fixed price, commission, fee or wage, attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, altered, or repaired, under his, their or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent,

resale, public access or similar purpose, except single-family residence, *when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including but not limited to, labor and materials, is twenty thousand dollars ($20,000) or more.*

(Emphasis added.)

█ Our rule of interpreting statutory language is that we construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *City of Hot Springs* v. *Vapors Theatre Restaurant, Inc.*, 298 Ark. 444, 769 S.W.2d 1 (1989). The language in licensing statutes must be strictly construed. *Wilcox* v. *Safley*, 298 Ark. 159, 766 S.W.2d 12 (1989). Applying this rule, the statute clearly indicates that the court is to look at the total cost of the work to be done and not merely the cost of the materials actually ordered or passing through the contractor's hands. In short, the statute refers to the cost of the project.

The purpose behind the Contractors Licensing Act is to require contractors who desire to engage in certain types of construction work to meet certain standards of responsibility such as experience, ability, and financial condition. *Bird* v. *Pan Western Corp.*, 261 Ark. 56, 546 S.W.2d 417 (1977). Brimer has twice been penalized for acting outside this law.

█ When an administrative agency's decision is appealed, a number of general rules of appellate review apply. Review of administrative decisions, both in the circuit court and here, is limited in scope. The appellate court's review is directed, not toward the circuit court, but toward the decision of the agency. *In Re Sugarloaf Mining Co.*, 310 Ark. 772, 840 S.W.2d 172 (1992); *Arkansas Alcoholic Bev. Control* v. *Person*, 309 Ark. 588, 832 S.W.2d 149 (1992). The construction of a statute by an administrative agency should not be overturned unless it is clearly wrong, and the court will not substitute its judgment for that of an administrative agency unless the administrative agency's decision is "arbitrary and capricious." *Ramsey* v. *Department of Humans Services*, 301 Ark. 285, 783 S.W.2d 361 (1990); *Arkansas State Bank Comm'r* v. *Bank of Marvell*, 304 Ark. 602, 804 S.W.2d 692 (1991). The evidence is given its strongest probative force in favor of the ruling of the administrative agency.

*Arkansas Contractors Licensing Bd.* v. *Butler Constr. Co.*, 295 Ark. 223, 748 S.W.2d 129 (1988). The court may not reverse a decision of an administrative agency if there is any substantial evidence to support its decision. *Butler Constr. Co.*, *supra*, citing *Williams* v. *Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983).

■ Brimer contends that because he did not directly oversee or order the materials used for the building and the concrete work, his work did not total $20,000 or more as required by the statutory definition of contractor. But, the evidence presented at the administrative hearing clearly indicates that the labor and materials for the metal building totalled over $90,000 and for the concrete work it totalled over $30,000. Taken together or separately these jobs designate Brimer as a contractor for the purposes of Ark. Code Ann. § 17-22-101 (1987).

■ Yet, Brimer insists that because the materials were paid for by the church and not by him, then he is not a contractor. This argument is not persuasive. In *Arkansas Contractors Licensing Bd.* v. *Butler Constr. Co.*, 295 Ark. 223, 748 S.W.2d 129 (1988), this court was faced with a similar argument. Like Brimer, Butler contended that he was working for a flat fee and did not furnish any materials or labor. In finding against Butler, we determined that the court should look to see if the overall cost of the project equals or exceeds $20,000 in determining if a contracting license is required.

■ Nevertheless, Brimer argues that *Butler Constr. Co.* is not persuasive because the board found that Butler had agreed to be responsible for obtaining all material and no such finding was made in Brimer's situation. It seems, though, that the Board's decision comes down to a question of sufficiency of the evidence before the Board. This court has previously held that in order to establish an absence of substantial evidence, the appellant has the burden of establishing that the proof before the administrative board was so nearly undisputed that fair-minded persons could not reach the Board's conclusions. *Wright* v. *Arkansas State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992); *Arkansas Health Planning and Development Agency* v. *Hot Springs County Memorial Hospital*, 291 Ark. 186, 723 S.W.2d 363 (1987).

■ Brimer has failed to meet this burden. The evidence

before the Board indicated that he has a history of refusing to become licensed . . . he even admitted that he did not want to get a contractor's license. He submitted proposals for the metal building and the concrete work on his business stationery. He admittedly oversaw the concrete work and the metal building. The evidence presented clearly proves that Brimer was in charge of jobs costing more than $20,000, and as such, the decision of the administrative board is upheld and the findings of the White County Circuit Court are affirmed.

Affirmed.