The Honorable Jim Bob Steel, Prosecuting Attorney, Ninth Judicial District-West P.O. Box 548, 219 North Main Street Nashville, Arkansas 71852
Dear Mr. Steel:
This is in response to your request for a supplemental opinion to Op. Att'y Gen. No. 93-259. In your previous request, you noted that the voters of Sevier County approved a one-half cent local sales and use tax for the purpose of constructing a solid waste disposal and collection facility, but did not approve a one-half cent local sales and use tax which would have been used to operate and maintain the solid waste facility . You also indicated that the Sevier County Quorum Court passed a resolution which stated that the one-half cent tax approved by the voters would not be collected, since it would be pointless to build a facility if there were no monies to operate and maintain it. The questions posed in your previous request pertained to whether the Sevier County Quorum Court could amend their resolution and commence collecting the one-half cent local sales and use tax which had been approved to build the solid waste facility. See
Op. Att'y Gen. No. 93-259.
In your present request, you note that the Sevier County Quorum Court has now amended its previous resolution, wherein it was stated that the one-half cent tax approved by the voters would not be collected, and has voted to begin collecting the tax as of November 1, 1993. In your previous request, you did not indicate under what statute the election in question was held, nor that issuance of bonds was involved. Therefore, my responses to your questions posed in Op. Att'y Gen. No. 93-259 were based upon the assumption that the election was held pursuant to A.C.A. §26-74-207(a). However, you indicate in your present request that the election and tax were instituted under A.C.A. § 14-164-327, which is a provision of the Local Government Bond Act.
With regard to these matters, you have posed the following questions in your present request:
 1. Does A.C.A. § 14-164-329(c)(1)(B) determine the existence of the one-half cent local sales and use tax that was approved by the voters of Sevier County on May 25, 1993 for the construction of a solid waste facility, such that the first resolution passed by the Sevier County Quorum Court (the one that stated the tax which was approved would not be collected) effectively abolished the approved one-half cent tax for all time?
 2. In any event, can the tax be collected, and if so, must the quorum court issue bonds?
 3. If the county issues bonds, does the county have to collect the full $820,000.00, the amount appearing on the ballot which was approved by the voters?
 4. Can Sevier County simply collect the amount of the approved tax it needs, not to exceed $820,000.00, without issuing bonds, and if so, would the bonding company have any cause of action against the county?
Before responding to your questions, I will discuss, generally, the Local Government Bond Act. Pursuant to A.C.A. § 14-164-308
(1987), whenever a county quorum court determines the need to issue bonds for capital improvement purposes, it is required to authorize the issuance of the bonds by ordinance specifying, among other items, the principal amount of bonds to be issued and the purpose for which the bonds are to be issued. Pursuant to A.C.A. § 14-164-309(a) (1987), the question of the issuance of such bonds is required to be submitted to the electors of the county at the general election or at a special election. Additionally, under A.C.A. § 14-164-327(a) (Cum. Supp. 1993), the legislative body of a county may adopt an ordinance levying a local sales and use tax, in lieu of or in addition to the levying of an ad valorem tax, in the amount of one-fourth of one percent, one-half of one percent, three-fourths of one percent, or one percent, in order to retire the capital improvements bonds. On the date of adoption of an ordinance levying a local sales and use tax to retire the bonds pursuant to this provision, or within 30 days following the adoption of the ordinance, a county is required to provide by ordinance for the calling and holding of an election on the question of issuance of the bonds. A.C.A. §14-164-328(a)(1) (Cum. Supp. 1993). The levy of such tax does not take effect until after this election has been held and the issuance of the bonds has been approved by the voters. A.C.A. §14-164-329(a) (Cum. Supp. 1993). You note in your latest correspondence that the election and tax at issue were instituted under A.C.A. §§ 14-164-327 and 14-164-328.
With regard to your first question, it appears that A.C.A. §14-164-329(c)(1)(B) (Cum. Supp. 1993) governs the current validity of the one-half cent local sales and use tax passed by the voters of Sevier County on May 25, 1993. This determination is based on your correspondence, from which it appears that bonds had not been issued when the Sevier County Quorum Court passed their initial resolution in which they decided not to collect the one-half cent tax that had been approved by the voters on May 25, 1993. In this regard, A.C.A. § 14-164-329(c)(1)(B) provides the following:
 If bonds have not been issued, the tax shall be abolished when it is determined by a roll call vote of two-thirds (2/3) of all the members elected to the municipality's or county's governing body that the bonds approved by the voters shall not be issued. [Emphasis added.]
If the initial resolution passed by the Sevier County Quorum Court fits the description above and was passed by two-thirds of the members of the quorum court, it appears that the local sales and use tax was "abolished" at that point. When interpreting this statute, or any statute, it is the duty of a court to construe a statute just as it reads, "giving the words their ordinary and usually accepted meaning in common language." Brimer v. ArkansasContractors Licensing Bd., 312 Ark. 401, 405, 849 S.W.2d 948
(1993). In this regard, the term "abolish" has been defined as meaning "to do away with completely; put an end to; esp., to make (a law, etc.) null and void." Webster's New World Dictionary 3 (2d ed. 1974). Accordingly, it is my opinion that, as the tax and election at issue were instituted under the provisions discussed above, A.C.A. § 14-164-329(c)(1)(B) likely compels the determination that the local sales and use tax at issue was abolished at that point, and no subsequent resolution by the Sevier County Quorum Court could revive the tax.
Due to my response to your first question, your other questions are rendered moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh