The Honorable Jonathan S. Fitch State Senator Rural Route 1 Hindsville, AR 72738
Dear Senator Fitch:
This is in response to your request for an opinion on the following question:
 May a school district legally contract for the construction of a $4,000,000 building by contracting the job itself rather than using a prime contractor? Specifically, the Eureka Springs School District is contemplating hiring by the competitive bid method a `construction manager' and then (again complying with the competitive bid laws) contracting directly with various companies to perform various parts of the work. Arkansas Code Annotated § 22-9-204 refers to a `prime contractor.' Would the Eureka Springs School District be the `prime contractor' within the meaning of this Code section?
It is my opinion that the answer to the first part of your question is, generally, "yes." The school district would, I assume, in that instance be acting as its own prime, i.e., general contractor.[1] My research has disclosed no statutory requirement that a prime contractor be used in the construction of a school building. The authority of a school district to act as its own general contractor may in my opinion be fairly implied from the district's express power to borrow money for building or equipping school buildings (see, e.g., A.C.A. § 6-20-1201 (2nd. Ex. Sess. 1994) and 6-20-1401 (Repl. 1993)), and from the power and duty of the board of directors to "[d]o all things necessary and lawful for the conduct of efficient free public schools in the district." A.C.A. §6-13-620(13) (Repl. 1993). The State Board of Education's authority with respect to construction standards and building plans should, however, be noted. See A.C.A. §§ 6-20-1406 (Repl. 1993) (regarding the establishment of reasonable minimum standards) and 6-20-1407 (Repl. 1993) (regarding State Board's approval of plans and specifications). Reference should be made, specifically, to the rules and regulations promulgated by the Arkansas Department of Education with respect to "Minimum Schoolhouse Construction Standards" (1992).
When a school district acts as its own contractor in the construction of its own property, A.C.A. § 17-22-101 provides that "such action shall not result in the person or entity being deemed a contractor under this chapter." A.C.A. § 17-22-101(a) (Repl. 1992). The referenced "chapter," chapter 22 of Title 17, governs the licensing and bonding of "contractors." It should be noted in this regard that the exception in §17-22-101(a) only applies with respect to the school district as the owner of the property. A separate question may arise concerning the applicability of the licensing and bonding requirements to others on the job. See generally Brimer v. Arkansas Contractors Licensing Bd.,312 Ark. 401, 849 S.W.2d 948 (1993).
In response to your second question involving A.C.A. § 22-9-204, it appears that the school district would not itself be a "prime contractor" within the meaning of this Code section. Section 22-9-204 governs subcontracting in connection with public improvements exceeding $50,000. It sets forth certain requirements with respect to the subcontractors used on a project "[i]n each instance where the total bid amount submitted by the licensed prime contractor exceeds fifty thousand dollars ($50,000). . . ." A.C.A. § 22-9-204(a) (Cum. Supp. 1993). This Code section thus appears to govern those instances in which bid proposals are submitted by prime contractors. Each subparagraph of § 22-9-204 refers to the prime contractor's bid submission or proposal.
It may therefore be concluded that the school district is not a "prime contractor" within the meaning of § 22-9-204 when it acts as its own general contractor. Reference should be made, however, to applicable statutory and regulatory requirements with respect to licensure of contractors on the job. The district may wish to consult the Department of Education's School Plant Service office or its local attorney in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The term "prime contractor" is defined in Black's Law Dictionary
1072 (5th ed. 1979) as "[t]he party to a building contract who is charged with the total construction and who enters into sub-contracts for such work as electrical, plumbing and the like. Also called `general contractor.'"