The Honorable Jerry Bookout State Senator 1717 James Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the following question concerning the Arkansas Deferred Retirement Option Plan ("DROP") for fire fighters and police officers:
 If a fire fighter with 20 years of service in the fire department elects to go on the Deferred Retirement Option Plan (DROP) and during that five (5) year DROP plan he gets hurt in the line of duty and can no longer do the job of fire fighter, can he draw his 65% disability and also draw what he has accumulated in the DROP account?
It is my opinion that the answer to this question is "no," in accordance with Arkansas Fire and Police Pension Review Board ("Board") Rule #10 (effective 8/13/93) and the Board's interpretation as reflected in the Sample DROP Rules (8/11/93). Section 8.D. of Rule 10 states that the Board rules do not restrict a local pension board's authority to provide for disability retirement benefits of DROP participants. Section 8 of the Sample Drop Rules (those administrative rules deemed appropriate by the Board) then provides:
 If a member of a fire or police department becomes disabled during the DROP period, and if he is otherwise entitled to a disability retirement, he may elect a disability retirement upon approval by the local pension board. If such disabled member elects to receive a disability retirement, then he will not receive his accumulated DROP account, but will instead be considered a disability pensioner who never went on DROP. [Emphasis added.]
Thus, while Board Rule 10 does not prohibit disability retirement during the DROP period, the Sample Rules clearly reflect the Board's view that the individual DROP account shall not be available to the DROP participant who elects a disability benefit. This is, in my opinion, a reasonable interpretation of the DROP provisions (A.C.A. § 24-11-830
(Supp. 1995), pertaining to fire fighters), and would likely withstand scrutiny in light of the usual deference accorded an administrative agency's decision. See generally Brimer v. Arkansas Contractors LicensingBd., 312 Ark. 401, 405, 849 S.W.2d 948 (1993) (stating that "[t]he construction of a statute by an administrative agency should not be overturned unless it is clearly wrong. . . .")
The purpose of the deferred retirement option plan (DROP) is the deferral of a service retirement pension and it requires the continued payment of employer and employee contributions. See A.C.A. § 24-11-830(a) and (d). The employee/member continues to make employee contributions during the DROP period, and these contributions are credited to the pension plan (not to the DROP account). Id. and Board Rule 10, Sec. 6. It is thus apparent that the receipt of disability benefits and continued participation in DROP are mutually exclusive courses of action. The disability retirant terminates active membership in the system. See
A.C.A. § 24-11-819 (Repl. 1992). Thus, there are no continued employer or employee contributions. The payment of the DROP account balance is premised, moreover, upon the member's termination of employment and regular service retirement. A.C.A. § 24-11-830(c). That is clearly not the case in the event the member elects disability retirement.
It may reasonably be concluded, therefore, that there is simply no provision for continued participation in DROP should a member elect to draw disability benefits. Nor can I conclude, in light of A.C.A. §24-11-830(g), that the DROP account balance can be paid in a lump sum to the disability retirant. This subsection provides: "If the [DROP] participant dies during the period of participation in the plan, a lump sum payment equal to the account balance of the participant shall be paid." There is no corresponding provision for a lump sum payment in the event of disability. Nor, in my opinion, is such payment mandated under a theory of vested retirement benefits. See generally Jones v. Cheney,253 Ark. 926, 489 S.W.2d 785 (1973). No vested rights are impacted by nonpayment of the DROP account. The employee made no contributions to that account, and he will receive a disability retirement benefit that is 65% of salary or the equivalent of the benefit paid to normal service retirants, whichever is greater. A.C.A. § 24-11-819(a)(2)(B)(i) (regarding full-paid fire fighter who is injured in the line of duty).
In conclusion, therefore, it is my opinion that the Board has reasonably determined that a disability retirant may not receive his accumulated DROP account.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh