Mr. Bobby C. Simpson, Commissioner Arkansas Rehabilitation Services 1616 Brookwood Drive P.O. Box 3781 Little Rock, AR 72203
Dear Mr. Simpson:
This is in response to your request for an opinion regarding reappointment to the Governor's Commission on People with Disabilities ("Commission"), created under A.C.A. § 20-14-201 et seq. (Repl. 1991 and Supp. 1997). Your question pertains to a past member of the Commission. You have asked, specifically:
 Would a past member be eligible for appointment to the Commission to fulfill a position from one held previously?
It is my opinion that the answer to this question is in all likelihood "yes," assuming that the composition of the Commission complies with A.C.A. § 20-14-202 (Repl. 1991).[1]
I assume that this question is asked in light of § 20-14-202(b)(2), which provides as follows:
 Membership terms of the commission members shall be three (3) years. Each commission member shall be eligible for reappointment by the Governor for one (1) three-year term.
A.C.A. § 20-14-202(b)(2) (Repl. 1991) (emphasis added.)
I believe the issue to be resolved in addressing your question is whether a commission member is only eligible for reappointment immediately following the expiration of his or her term, or whether reappointment may occur after a break between terms, i.e.: Is this eligibility for reappointment limited to consecutive terms?
While the answer to this question is perhaps not entirely clear from the language of § 20-14-202(b)(2), I believe a strong argument can be made in favor of a past member's eligibility for reappointment, as long as he or she has previously served only one three-year term. In my opinion, the language of § 20-14-202(b)(2) may be initially cited for this proposition. The term "reappointment" is not defined in the statute, and thus must be given its plain and ordinary meaning. See generally Brimerv. Arkansas Contractors Licensing Bd., 312 Ark. 401, 849 S.W.2d 948
(1993). The prefix "re" is a Latin word meaning "again" (Webster'sSeventh New Collegiate Dictionary 712 (1972)); and "appointment" means "the designation of a person . . . to discharge the duties of some office or trust." Black's Law Dictionary 91 (5th ed. 1979). Thus, the term "reappointment" in § 20-14-202(b)(2) may reasonably be construed to mean the designation of a person again for a three-year term on the Commission. There is no qualifying language suggesting that reappointment can only occur in the case of successive or consecutive terms.
Nor, in my opinion, can such a qualification reasonably be implied. While the term "reappointment" might at first blush be viewed as limiting the appointment to a term immediately following the expiration of the first term, a review of other statutes governing appointment and reappointment to various boards and commissions belies this interpretation. A comparison of other Code provisions in this regard indicates that had the legislature intended to limit eligibility for reappointment under §20-14-202(b)(2) to consecutive or successive terms, it could easily have so provided. See, e.g., A.C.A. §§ 6-64-405(c) (Supp. 1997) (members of the College of Medicine Admissions Board shall serve one-year terms "and may be reappointed for not more than three (3) additional consecutive terms[;]") and 13-8-104(d) (Supp. 1997) (members of arts and humanities advisory council "may be reappointed to consecutive terms of office.")See also A.C.A. § 17-47-201(c) (Supp. 1997) (providing that "[a] member of the [State Board of Registration for Professional Soil Classifiers] may be reappointed to succeed himself.")
Unlike the above provisions, § 20-14-202(b)(2), supra, does not mention consecutive or successive service when it authorizes reappointment. Section 20-14-202(b)(2) appears to be concerned instead with the number of terms one can serve, as opposed to the length of time between terms. It is perhaps also instructive to note that in some instances, the legislature has mandated a break between terms before one is eligible for "reappointment," further indicating that the term "reappointment" does not inherently infer consecutive or successive service. See, e.g.,
A.C.A. §§ 17-27-201(g) (Supp. 1997) (members of the Arkansas Board of Examiners in Counseling "shall be ineligible for reappointment for a period of three (3) years following completion of their terms[;]") and15-20-305(e) (Supp. 1997) (members of the Arkansas Natural Heritage Commission who have served two consecutive terms "shall not be eligible for reappointment for a period of one (1) year following the expiration of the second full term.")
In conclusion, therefore, it is my opinion that a past member of the Commission would generally be eligible for reappointment, notwithstanding a break between the terms served.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Subsection (a) of § 20-14-202 creates the Commission, to be composed of a maximum of twenty five members, and subsection (b)(1) thereof requires that thirteen of the members "shall be disabled persons."