The Honorable Jonathan S. "Jon" Fitch State Senator Chairman, Legislative Joint Auditing Committee 172 State Capitol Little Roc, AR 72201-1099
Dear Senator Fitch:
I am writing in response to your request for my opinion on the following question:
 May a school district expend operating funds toward the expenses of a senior trip?
RESPONSE: In my opinion, any such use of operating funds is unconstitutional.
DISCUSSION
My research has produced no controlling precedent resolving the issue raised in your request. I am, however, enclosing for your convenience two previous opinions, Ops. Att'y Gen. 91-315 and 93-326, which set forth the analytical framework for addressing your request. As these opinions suggest, the underlying issue is whether the activity at issue runs afoul of Ark. Const. art. XIV, § 3, which provides that school taxes may not "be appropriated for any other purpose nor to any other district than that for which it is levied."[1] Ark. Const. Amend. 74(b)(3) elaborates on this provision by declaring: "The revenues so distributed shall be used by the school districts solely for maintenance and operation of schools." Section (d) of this Amendment defines "maintenance and operation" to mean "such expenses for the general maintenance and operation of schools as may be defined by law."
Regrettably, the legislature has not defined the scope of "maintenance and operation." The legislation merely repeats the term without elaboration at A.C.A. § 26-80-101(b)(1), which sets forth the procedure for collecting and distributing the taxes called for in Amendment 74, and at A.C.A. § 26-80-203(a), which sets forth legislative "findings and intent" with respect to Amendment 74. However, as pointed out in Op. Att'y Gen. 91-315, the legislature has accorded school districts broad authority to do all things "necessary and lawful" in the running of public schools. A.C.A. § 6-13-620(12). Given this legislation, and further given the directive in Amendment 74(b)(3) that revenues be used "solely" for the purpose of maintenance and operation, it is my opinion that the funding of a senior trip can pass constitutional muster only if the trip can be characterized as "necessary" to the maintenance and operation of the school.
When interpreting statutory or constitutional provisions, it is the duty of a court to construe the language just as it reads, "giving the words their ordinary and usually accepted meaning in common language." Brimerv. Arkansas Contractors Licensing Board, 312 Ark. 401, 405,849 S.W.2d 948 (1993). By the same token, as the Supreme Court recently observed in Bush v. State, 338 Ark. ___, ___ S.W.2d ___ (October 14, 1999): "It is axiomatic that the meaning of certain words or phrases cannot be determined in isolation, but must be drawn from the context in which they are used."
I agree completely with the analysis of the term "necessary" offered by my predecessor in the attached Opinion No. 91-315. In declining to equate "necessary" with "indispensable," General Bryant recognized the contextual variability of meaning reflected in the following definition:
 Necessary. This word must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought. It is an adjective expressing degrees, and may express mere convenience or that which is indispensable or an absolute physical necessity. It may mean something which in the accomplishment of a given object cannot be dispensed with, or it may mean something reasonably useful and proper, and of greater or lesser benefit or convenience, and its force and meaning must be determined with relation to the particular object sought.
Black's Law Dictionary (5th ed. 1979). In my opinion, the more flexible of the alternative meanings set forth in this definition should apply in deciding what expenditures are suitable to the purpose of furthering education. I believe this interpretation is consistent with the judicial recognition that courts can interfere with a board's direction of a school district's operations only upon a showing of clear abuse of discretion. Safferstone v. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962). Accordingly, in my opinion if an expense can be characterized as "reasonably useful and proper" in the educational process, it is not constitutionally offensive.
However, I do not believe the funding of a senior trip can fit within even this flexible definition of "necessary" expenditure. In offering this conclusion, I am assuming that the trip was a purely social one, of the sort traditionally undertaken to celebrate an at least temporaryrelease from educational pressures. Such an activity, while doubtless thoroughly enjoyable and conducive to class solidarity, does not have a sufficient educational nexus to meet the constitutional standard discussed above. My conclusion would have been different had the funds been expended for an educational field trip, but that does not appear to have been the case. See Cook v. Griffin, 47 A.D.2d 23, 364 N.Y.S.2d 632,635 (1975) ("authority to conduct educational field trips" characterized as `reasonably necessary' to implement [school district's] statutory authority").
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh
Enclosures
[1] Section 2 of Article XIV likewise provides that "[n]o money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs."