The Honorable Jim Argue State Senator 5300 Evergreen Drive Little Rock, AR 72205
Dear Senator Argue:
I am writing in response to your request for my opinion on the following question:
 Act 1558 of 1999, entitled "An Act to Develop a Database for Tracing Firearms Used in the Commission of a Crime; and for Other Purposes," appears to limit the application of the Act to firearms actually used in the commission of a crime. However, Section 1(a) provides that "All firearms which come into the custody of any law enforcement agency in the state shall be delivered to the State Crime Laboratory within thirty (30) calendar days for ballistics testing." Does the Act apply to all firearms or only those firearms used in the commission of a crime?
RESPONSE
In my opinion, the Act applies to all firearms taken into custody by any law enforcement agency.
The pertinent section of Act 1558 provides:
 "AN ACT TO DEVELOP A DATABASE FOR TRACING FIREARMS USED IN THE COMMISSION OF CRIME; AND FOR OTHER PURPOSES."
 Subtitle "AN ACT TO DEVELOP A DATABASE FOR TRACING FIREARMS USED IN THE COMMISSION OF CRIME; AND FOR OTHER PURPOSES."
BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:
 SECTION 1. (a) All firearms which come into the custody of any law enforcement agency in this state shall be delivered to the State Crime Laboratory within thirty (30) calendar days for ballistics testing. However, if the firearm is being used as evidence in a criminal case, then delivery shall take place within thirty (30) calendar days after the final adjudication of the criminal proceeding. If it would place an unreasonable burden on the law enforcement agency to transport the firearm to the State Crime Laboratory the person responsible for delivery may contact the Department of Arkansas State Police and the department will, if possible, accomplish delivery to the State Crime laboratory.
In responding to your request, I am guided by the Arkansas Supreme Court's pronouncement that one must construe any statute "giving the words their ordinary and usually accepted meaning in common language."Brimer v. Arkansas Contractors Licensing Bd., 312 Ark. 401, 405,849 S.W.2d 948 (1993). In my opinion, the phrase "[a]ll firearms which come into the custody of any law enforcement agency in this state" is unambiguous and dictates that any such gun be tested, regardless of whether it has been established as having been used in the commission of a crime. I see no contradiction in the fact that the Act's title references "firearms used in the commission of a crime." In my opinion, this title simply reflects the legislature's intention to identify such firearms by having law enforcement agencies test all guns they receive or confiscate.
Moreover, even if the title of the Act could be read as inconsistent with the text, in my opinion the unambiguous language of the text controls.See, e.g., Weir v. U.S., 339 F.2d 82 (8th Cir. 1964) (the title of an act cannot overcome the meaning of plain and unambiguous words used in the body); Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538 (1995) (where language of statute is certain and the intent obvious, Supreme Court may not resort to search of the title).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh