The Honorable Sue Madison State Representative 573 Rockcliff Road Fayetteville, AR 72701-3809
Dear Representative Madison:
I am writing in response to your request for my opinion on the following questions:
 1. Pursuant to A.C.A. § 26-35-601, as amended in 1999, may a bank or other financial institution pay the real estate taxes only and not be required to pay the delinquent personal property tax?
 2. What if the bank, etc., had foreclosed on the property and bought it at the foreclosure sale?
 3. What if the bank, etc., attempts to resell it and pay the real estate taxes only?
RESPONSE
Question 1: Pursuant to A.C.A. § 26-35-601, as amended in 1999, may abank or other financial institution pay the real estate taxes only andnot be required to pay the delinquent personal property tax?
Subsection 26-35-601(a) of the Arkansas Code provides:
 All collectors in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate.
Subsection (c)(2) of this statute creates an exception when the real property at issue is pledged as security for a debt:
 The provisions of this section shall not prevent any person, firm, partnership, or corporation from paying general real estate taxes on property securing the payment of indebtedness due the person, firm, partnership, or corporation seeking to pay the taxes.
In my opinion, the subsection just quoted clearly authorizes an institutional lender to pay real estate tax on any property securing a debt owed it regardless of whether the owner of the property is delinquent in paying his personal property taxes. However, as discussed immediately below, this right of payment is qualified when the lender forecloses on the property and effects its sale.
Question 2: What if the bank, etc., had foreclosed on the property andbought it at the foreclosure sale?
The answer to this question is contained in A.C.A. § 26-35-601(c)(3):
 Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
(Emphasis added.) I have previously addressed the effect of this statute in the attached Ark. Op. Att'y Gen. No. 99-304. Based on the text of the statute and the analysis set forth in my earlier opinion, I believe the collector could not accept payment of real estate taxes at the time of conveyance unless delinquent personal property taxes were also paid.
Question 3: What if the bank, etc., attempts to resell it and pay thereal estate taxes only?
I am obligated to construe the statutory language just quoted as it reads, "giving the words their ordinary and usually accepted meaning in common language." Brimer v. Arkansas Contractors Licensing Bd.,312 Ark. 401, 405, 849 S.W.2d 948 (1993). In my opinion, given that the text of the statute expressly limits its restriction to the time of closing, nothing in the statute would preclude an institutional lender from buying the pledged property subject to an ad valorem real-estate tax lien and satisfying that lien after closing, irrespective of whether the seller had satisfied his personal property tax delinquency. This conclusion is consistent not only with the text just quoted, but also with the title ofAct 994 of 1999, the amendment to the statute referenced in your request: "AN ACT TO ALLOW A CLOSING AGENT OR ABSTRACT COMPANY TO PAY REAL PROPERTY TAXES AT THE TIME THE OWNERSHIP OF THE PROPERTY IS BEINGTRANSFERRED. . . ."[1] (Emphasis added.) In my opinion, if the institution bought the property subject to such a tax lien, it could satisfy the lien at any point following closing by paying only the real estate taxes. However, as discussed above, should the bank wish to pay off its real estate tax obligation at the time of closing on its resale of the property, it would simultaneously need to pay off any delinquency in its own personal property taxes.
I appreciate that the foregoing may be deemed inconsistent with the intent of the statute as stated in A.C.A. § 26-35-601(c)(1):
 It is the intention of this section to require the collection of personal property taxes as reflected by the records in the office of the collector and to prevent a taxpayer from paying and the collector from receiving payment of general real estate taxes without payment of personal property taxes if any personal property taxes are shown to be due.
This stated intention might be frustrated if a seller delinquent in payment of his personal property taxes sells his property subject to a real-estate tax lien on the understanding that the buyer will satisfy the lien shortly after closing. However, I believe the statute as written clearly allows for this possibility. If this reflects an error in drafting, the legislature should remedy the problem by amendment.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] This legislation was enacted in response to Ark. Op. Att'y Gen. No. 97-126, in which this office opined that A.C.A. § 26-35-601(c)(2) by its express terms applied only to lenders, not to closing agents or abstract companies.