The Honorable Steve Schall State Representative P.O. Box 25 Conway, AR 72033-0025
Dear Representative Schall:
I am writing in response to your request for my opinion on the following issue:
 A question has arisen regarding the amount of a pension received pursuant to Arkansas Code Annotated 24-12-117(a)(3). That section states:
 (3) If any employee already retired and pensioned under this act shall die while so retired and pensioned, leaving a spouse, minor children under the age of sixteen (16) years, or dependent parent surviving, then each of them shall also be entitled to a pension under this act.
 The City of Conway's pension board has concluded that the amount is $50.00, which is the amount set out in sections (a)(1) and (2) of this same act. The city attorney has agreed with this interpretation.
RESPONSE
I agree that the amount of the pension is $50. However, subsection (a)(3) of the statute differs from subsections (a)(1) and (2) in that each of the individuals specified is entitled to a $50 monthly pension. By contrast, under the circumstances set forth in subsections (a)(1) and (2), the total monthly pension to survivors collectively could not exceed $50.
Chapter 12 of title 24 of the Arkansas Code sets forth the law regarding retirement benefits for paid, nonuniformed local officers and employees. Subsections 24-12-117(a)(1) and (2) (Repl. 1996) of the Code provide:
 (a)(1) If any employee shall, while in the performance of his duty, be killed or die as a result of injuries received in performing that duty, or shall die of a disease contracted by reason of that occupation, or shall die of natural causes while in service, and shall leave a spouse or children under the age of sixteen (16) years surviving, the board of Trustees shall direct a payment of fifty dollars ($50.00) monthly from the pension and relief fund to the spouse, while unmarried, or to the guardian of the minor children until the youngest of the children shall attain the age of sixteen (16) years.
 (2) Should the employee leave no spouse or minor children under sixteen (16) years of age, but a parent solely dependent upon the employee's support, the board shall pay the sum of fifty dollars ($50.00) monthly as long as the dependent parent remains unmarried.
I am obligated to construe this statutory language just as it reads, "giving the words their ordinary and usually accepted meaning in common language." Brimer v. Arkansas Contractors Licensing Bd., 312 Ark. 401,405, 849 S.W.2d 948 (1993). Subsection (a)(1) of this statute authorizes the payment of a $50 monthly pension to a deceased employee's surviving, unmarried spouse or, collectively, children under the age of 16 if the employee died either of natural causes or of injuries or disease occasioned by his employment. Under the terms of the statute, even if the surviving spouse remarries, so long as she retains custody of minor children of her union with the deceased employee, she will continue to receive $50 per month until the youngest of her children reaches majority. However, regardless of her marital status or how many minor children she has, the surviving spouse will receive no more than $50 per month. Subsection (a)(2) affords a surviving, dependent, unmarried parent of an employee who died naturally or as the result of job-related injury or disease the right to a $50 monthly pension if the employee dies before retiring leaving no surviving spouse or minor children under 16.
Subsection (a)(3) of the statute addresses the different circumstance of a pensioned employee who dies as the result of any cause after retirement:
 If any employee already retired and pensioned under this act shall die while so retired and pensioned, leaving a spouse, minor children under the age of sixteen (16) years, or dependent parent surviving, then each of them shall also be entitled to a pension under this act.
On its face, this statute dictates that a surviving spouse, a dependent surviving parent and surviving minor children under the age of 16 shalleach receive a pension of $50 per month. Whether intentionally or not, the statute does not condition the entitlement on a surviving spouse or dependent parent's remaining unmarried. In my opinion, this statutory language must be applied as it reads.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh