Harold MINGS *v.* STATE of Arkansas

CR 93-1295                                             873 S.W.2d 559

Supreme Court of Arkansas
Opinion delivered April 18, 1994

*William A. McKean*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Harold Mings appeals his judgment of conviction for driving while intoxicated, second offense. He raises one issue: whether the trial court erred in denying his motion to suppress on grounds that the arresting officer who originally stopped and detained Mings did so outside of the officer's territorial jurisdiction which, according to Mings, was limited to the city of Jacksonville. At the hearing before the trial court, the prosecuting attorney submitted proof that the officer was a special investigator for the Sixth Judicial District who had authority to stop and detain persons anywhere within the district. The trial court agreed and denied the motion to suppress. We affirm the trial court's decision.

In 1990, Officer Thomas Reshel began working as a police officer for the city of Jacksonville. Also in 1990, Officer Reshel was appointed by the prosecuting attorney for the Sixth Judicial District, Mark Stodola, to be an investigator for the district. Circuit Judge Chris Piazza swore in Officer Reshel as a special investigator, and he carried a card evidencing this appointment which was signed by both the prosecutor and the circuit judge.

On March 14, 1992, Officer Reshel picked up a prisoner at the Pine Bluff Department of Correction pursuant to a warrant issued through the Jacksonville Police Department. He was transporting this prisoner back to Jacksonville around midnight on March 15, 1992, and was near the intersection of I-30 and I-40 in North Little Rock, when he observed a car being driven

erratically. He watched the car, whose driver was later identified as Mings, almost hit another vehicle near the Lakewood overpass.

Officer Reshel contacted his dispatcher and requested that an Arkansas State trooper or a North Little Rock police unit be dispatched to stop Mings. He was told that there was no police unit available and that he should contact the Sherwood Police Department as Mings was traveling toward the Sherwood city limits. Officer Reshel continued to follow Mings. As the vehicles entered the Sherwood city limits, Mings crossed the center line of the road. He then exited at Rixie Road and partially ran off the road. At that point, Officer Reshel made the decision to stop Mings. He did so and informed Mings that he was being stopped because of his erratic driving and that an officer from the Sherwood Police Department was on the way. At that time, the police officer could see the Sherwood police car in transit.

After Officer Lane Goff of the Sherwood Police Department arrived, Officer Reshel gave him Mings's driver's license and explained what had happened. Officer Goff then administered a series of field sobriety tests to Mings, who did not perform satisfactorily. Mings was arrested for DWI and taken to the Sherwood Police Department where he was tested on a breathalyzer machine and registered a blood/alcohol content of .229 percent. He was ticketed for DWI and for driving left of center.

Mings was convicted of DWI, second offense, which is a misdemeanor, in Sherwood Municipal Court. He appealed to Pulaski County Circuit Court and filed a motion to suppress the evidence obtained due to Officer Reshel's stop. He premised his motion on the fact that Officer Reshel did not have a warrant at the time he stopped him and was acting outside of his territorial jurisdiction of Jacksonville. The circuit court conducted a trial *de novo*, following which it ruled that Officer Reshel was authorized to stop Mings in Sherwood under the authority granted Reshel by virtue of Act 997 of 1993, codified at Ark. Code Ann. § 16-21-1102(a)(2)(B) and (C) (Supp. 1993). That statute provides in pertinent part:

> (B) In addition to the above investigators listed by salary, the prosecuting attorney shall have the authority to appoint

other investigators as necessary for the administration of justice who shall serve without pay;

(C)  All investigators so appointed shall have the authority to issue process and possess all law enforcement officer powers;

The motion to suppress was denied, and the trial court ordered Mings to pay a fine of $1,000.00, suspended his driver's license for one year, and sentenced him to seven days in jail.

For his sole point on appeal, Mings claims that a police officer may only act outside of his jurisdiction in four circumstances: (1) when in fresh pursuit; (2) when he has a warrant for arrest; (3) when the local law enforcement agency requests that he act; and (4) when a county sheriff requests that a peace officer from a contiguous county come into the sheriff's county. *Perry* v. *State*, 303 Ark. 100, 794 S.W.2d 141 (1990). Mings argues that none of these four circumstances pertained to this case. He further argues that Officer Reshel was clearly not on business for the prosecuting attorney when he made the stop.

We turn then to § 16-21-1102(a)(2)(B) and (C). The beginning point in interpreting a statute is to construe the words just as they read and to give them their ordinary and accepted meaning. *Farnsworth* v. *White County*, 312 Ark. 574, 851 S.W.2d 451 (1993); *Brimer* v. *Arkansas Contractors Licensing Bd.*, 312 Ark. 401, 849 S.W.2d 948 (1993); *Kyle* v. *State*, 312 Ark. 274, 849 S.W.2d 935 (1993). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Arkansas Dep't of Human Serv.* v. *State*, 312 Ark. 481, 850 S.W.2d 847 (1993).

Applying the above principles to Ark. Code Ann. § 16-21-1102(a)(2)(C), the plain and ordinary meaning of the language "all law enforcement officer powers" includes without question the power to stop an individual suspected of DWI and to detain him. The question then becomes whether the legislature intended that investigators have these powers throughout the entire Sixth Judicial District, which is comprised of Pulaski and Perry counties (Ark. Code Ann. § 16-13-1401 (1987)), or only within the city's boundaries where the police officer is employed.

■■ The manifest purpose of Act 997 is to establish salaries of the staff of the prosecuting attorney for the Sixth Judicial District. Common sense dictates that an investigator appointed to act for the prosecutor in the Sixth Judicial District must be authorized to act throughout that district. To give the prosecutor the authority to appoint an investigator for the district and then limit that investigator's territory to the city of Jacksonville would render the appointment meaningless. This court has stated that it will not interpret a statute so as to reach an absurd conclusion. *Cox* v. *State*, 313 Ark. 184, 853 S.W.2d 266 (1993); *Cothran* v. *State*, 291 Ark. 401, 725 S.W.2d 548 (1987).

Mings cites us to the case of *Perry* v. *State, supra,* on his behalf, but we do not view that case as helpful to his cause. In *Perry*, we held that a Searcy police officer acting outside of his jurisdiction only had the authority of a private citizen and could not effect an arrest for DWI, second offense. Those circumstances are distinguishable from the case at bar where the police officer involved was endowed with law enforcement powers throughout the judicial district. Indeed, the facts of the present case more closely approximate those in *Gritts* v. *State*, 315 Ark. 1, 864 S.W.2d 859 (1993). In *Gritts*, we concluded that a police officer for a planned community who also was a duly appointed deputy sheriff for the county had the authority to make a DWI arrest outside of the boundaries of the community but within the county.

■ In truth, the powers afforded to these special investigators of the Sixth Judicial District who operate without pay under § 16-21-1102(a)(2)(C) appear to be significant. The precise reason for this special unit of volunteer investigators is not clearly defined by the General Assembly under the 1993 Act, and we will not engage in speculation to arrive at it. Nevertheless, we repeat that the statutory section in question is clear in its terms and embraces the power to stop and detain which is what Officer Reshel did in the case before us. We find no error.

Affirmed.