STATE of Arkansas v. Mike GRAY and Debbie Gray

95-469                                    908 S.W.2d 642

Supreme Court of Arkansas
Opinion delivered November 6, 1995

302

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Senior Appellate Advocate, for appellant.

*Castleman Law Firm*, by: *Bob Castleman*, for appellees.

ROBERT H. DUDLEY, Justice. The State sought forfeiture of a Chevrolet van that was allegedly used to transport drugs, but was notified that there was a first lien against the van in excess of its market value. The State then sought forfeiture of some of appellees' other assets that were not mortgaged. The trial court dismissed the action. We reverse and remand for further proceedings.

Much of our discussion of this case in our decisional conference involved the procedure below and whether the State was required to make a proffer of evidence to preserve its point of appeal. Consequently, we first discuss the procedure below in detail.

On July 1, 1994, the State gave appellees Mike and Debbie Gray notice that it had seized their Chevrolet van and the telephone and citizens' band radio inside it, and intended to cause the van to be forfeited because it had been used to facilitate the transportation of drugs. *See* Ark. Code Ann. § 5-64-505 (Repl. 1993). Appellees responded by filing a notice of "Judicial Referral of Forfeiture" on the ground that the van was mortgaged to a bank and the outstanding debt was $5,058.09. Appellees attached a copy of the note and the security agreement and the certificate of title that reflected the bank's existing lien. Appellees additionally pleaded that the van was used by appellee Debbie Gray in her business and that irreparable harm would be caused if it were not returned to her.

On August 24, 1994, the case was called for trial by the trial court, and the State moved for a continuance. The trial court

granted the continuance, but ordered the van returned to appellees pending a determination of forfeiture. The trial court then set the trial for October 3, 1994, directed the parties to establish the value of the van as of August 24, rather than the date of trial, and ordered the attorneys to file pretrial briefs on the issue of any substitution of assets for the van no later than October 3, 1994.

On October 3, 1994, the State filed a petition for substitution of assets and a supporting memorandum of law. The State alleged that appellee Mike Gray used the van in selling or receiving a controlled substance; consequently, the van was subject to forfeiture under Ark. Code Ann. § 5-64-505. However, the State admitted that a valid lien existed in the amount of $5,058.09 and that a forfeiture action was subject to the first lien. The State then contended that, because the van was subject to the prior interest, it was entitled to forfeiture of any of appellees' other property up to $4,500, the fair market value of the van, in accordance with Ark. Code Ann. § 5-64-505(o). Appellees filed a brief the same day in which they contended that the State was not entitled to substitute property in place of the van; rather, the State was entitled to forfeiture of only that property listed as subject to forfeiture in Ark. Code Ann. § 5-64-505(a)(1)–(6).

The proceeding on October 3 did not commence with the trial court asking if the parties were ready for trial. Rather, the court asked for argument only on the forfeiture issue, as follows:

> The Court: Let's do an argument on that forfeiture. Let's see if I'm going to decide it now.
>
> Mrs. Huff [Deputy Prosecuting Attorney]: On the brief?
>
> The Court: Yeah. Just give me an oral argument on it. All right, this is on the forfeiture and the vehicle has been returned?

During the arguments, the State and appellees stipulated to the fact that the van was encumbered by a prior security interest and the security interest exceeded the fair market value of the van. Appellees' counsel then stated:

> And the issue then, Your Honor, becomes whether or not the state can substitute other collateral or assets of the

defendant in lieu of that property sought to be forfeited if that property is encumbered to an extent to where there is no value left for the drug task force to seize.

In summary, the issue before the trial court was whether the State could substitute any other assets of appellees up to the value of the van if the State proved that the van was subject to forfeiture. If the court ruled that the State could substitute other assets, then, presumably, the State would have proceeded with its evidence. However, the court did not decide the substitution issue. From the following colloquy at the end of the hearing, it can be seen that the trial court was unwilling to address the merits of the case before it reached a decision on the substitution issue:

The Court: Well, I'm going to take this home and study on it just a bit.

Mr. Castleman [Appellees' attorney]: Without even filing any criminal proceedings?

The Court: Yes, sir. I'm going to study on this thing because that's, without any cases, that's a pretty big jump.

Mrs. Huff [Deputy Prosecuting Attorney]: If we find any other law, can we supplement it?

The Court: You sure can. I'd like to see it.

Mr. Castleman: I would also, your Honor.

The Court: That's, that's pretty stout.

Mr. Castleman: May we be excused for the day, Your Honor?

The Court: Yes, why not?

On February 10, 1995, or over four months later, the trial court denied the State's petition for asset substitution and dismissed the State's case for forfeiture. The trial court found that the van was encumbered by a prior security interest which was greater than the value of the van, and reasoned that, if the applicable statute did not provide for substitution of other assets, there was no point in proceeding with evidence about either forfeiture or the substitution of assets. As a result, the trial court dismissed the action.

Appellees contend that the State is procedurally barred from raising its point on appeal, which involves the substitution issue, because it did not proffer evidence in the trial court to prove that it was entitled to forfeiture of the van. Appellees cite A.R.E. Rule 103(a)(2). The argument is not persuasive.

The trial court asked for briefs on the issue of forfeiture and the substitution of assets, asked for arguments on that issue, heard arguments on that issue, took that issue under advisement, and subsequently ruled on that issue as a matter of law. Even though appellees did not move for summary judgment and that term was never used, the trial court's ruling was tantamount to a summary judgment in favor of appellees.

Arkansas Rule of Evidence 103 applies to rulings on evidence. Subsection (a)(2) provides that when an objection to evidence has been sustained, the proponent of that evidence must make a proffer of evidence to preserve the issue. Here, the trial court never asked the parties if they were ready to try the case on the merits or if they wished to present evidence. The trial court did not make any evidentiary rulings. It is obvious that the trial judge thought that, if he should rule as he ultimately did, there was no need to try the case on its merits. The cited rule of evidence is not applicable to a hearing that was limited to the construction of a statute as a matter of law. Thus, we reach the State's point of appeal.

The State contends that the trial court erred in denying, as a matter of law, its petition requesting substitution of "any other property" owned by the appellees when the van was exempt from forfeiture because it was encumbered by a bona fide security interest. The argument is well taken.

Arkansas Code Annotated § 5-64-505(a) provides in pertinent part:

> (a) The following are subject to forfeiture:
>
> . . .
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a)(1) or (2), but:

. . .

(iv) A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission.

In the present case, appellees' van was seized and a notice of seizure for forfeiture and a lis pendens were filed pursuant to 5-64-505(a)(4). Appellees filed a notice of judicial referral and raised the objection that the van was encumbered by a security interest as excepted from forfeiture by Ark. Code Ann. § 5-64-505(a)(4)(iv). Appellees' objection to forfeiture of the van was well taken.

The State then requested the trial court to allow it to substitute any other property of appellees for the van since the van was not subject to forfeiture. The State relied on Ark. Code Ann. § 5-64-505(o), which provides:

(o)  The court shall order the forfeiture of *any other property* of a claimant or defendant up to the value of the claimant's or defendant's property found by the court to be subject to forfeiture under subsection (a) of this section if any of the forfeitable property had remained under the control or custody of the claimant or defendant and:

(6)  Is subject to any interest exempted from forfeiture under this subchapter.

Ark. Code Ann. § 5-64-505(o) (Repl. 1993) (emphasis added).

In interpreting statutes, this court gives words their ordinary meaning and, at the same time, attempts to give effect to the legislative intent. *State v. Johnson*, 317 Ark. 226, 228, 876 S.W.2d 577 (1994). The adjective "any" means "all" or "every" or "of every kind." The word "other" means different or distinct from that already mentioned, additional, or further. The word "property" means that which belongs to a person. *Black's Law Dictionary*, 94 (6th ed. 1990). The words "any other property" used in subsection (o) mean additional property of any kind owned by the defendant.

In addition to giving effect to the plain meaning of the words used in the statute, this interpretation complies with

the stated purpose of the act. The comment to section 505 of The Uniform Controlled Substances Act provides:

> Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by drug traffickers in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and to deprive the drug trafficker of needed mobility.

Section 5-64-505 of the Arkansas Code Annotated was amended by Act 1050 in 1991 to add subsection (o). The addition of subsection (o) to the statute provides an effective safeguard, because without the provision, drug traffickers could encumber their property that would become subject to forfeiture under 5-64-505(a) and completely evade the forfeiture provision. Thus, interpreting subsection (o) to apply to all assets, whether or not listed in subsection (a), complies with the intent of the General Assembly.

The Ninth Circuit Court of Appeals interpreted a comparable federal statute in a like manner. In *United States* v. *Ripinsky*, 20 F.3d 359 (9th Cir. 1994), the court addressed the substitution of assets as provided in 21 U.S.C. § 853(p) (1994). In that case, the defendant was charged with violating conspiracy, bank fraud, wire fraud, money laundering, and forfeiture statutes. The government obtained a temporary restraining order freezing assets valued at $1,745,500 that would be subject to forfeiture if the defendant were convicted of money laundering. Part of the amount frozen was released, and then a second amount was again frozen. Ultimately, there were two preliminary injunctions freezing the amounts of $745,000 and $272,500. The parties agreed that the assets were not connected to the money laundering charges. The issue was whether the government could restrain substitute assets prior to conviction. The court held that the government could not restrain substitute assets prior to conviction, but in so holding stated:

> Finally, the law provides that if, upon conviction, forfeitable assets are unreachable by the government, the court shall order the forfeiture of substitute assets: property of the defendant that is not connected to the underlying crime. 21 U.S.C. § 853(p).

While it is clear that upon conviction the government may seize substitute assets if the forfeitable assets are unavailable, the question in this case is whether the government may restrain substitute assets prior to conviction.

*Id.* at 362. Section 853(p) of 21 U.S.C., which was being applied, contains wording similar to Ark. Code Ann. § 5-64-505(o), the provision at issue in this case.

■ In summary, we hold that under Ark. Code Ann. § 5-64-505(o), the State may proceed to seek forfeiture of "any other assets," even though they are not connected to the underlying crime, when forfeitable assets used in the underlying crime are unreachable under the provisions of Ark. Code Ann. § 5-64-505 (a)(4)(iv) (Repl. 1993).

Reversed and remanded for proceedings consistent with this opinion.