State of Arkansas OFFICE of CHILD SUPPORT ENFORCEMENT *v.* Mark HARNAGE

95-528                                     910 S.W.2d 207

Supreme Court of Arkansas
Opinion delivered November 20, 1995

462

*Karen Walker-Knight*, for appellant.

*Phil Stratton*, for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, Office of Child Support Enforcement ("Office"), appeals from a chancellor's order dismissing its paternity complaint against appellee Mark Harnage. The chancellor ruled that the Office was not a "real party in interest" under Ark. Code Ann. § 9-14-210 (Repl. 1993), due to the fact that the Office had expended no public funds on behalf of the minor child, and thus had no standing to bring suit against Harnage. As the Office made a proper showing that it was a real party in interest under § 9-14-210(d)(2), we reverse and remand.

On July 18, 1994, the Office filed a paternity complaint against Harnage, alleging that he was the father of Stephanie Smith, born March 27, 1976. Attached to the complaint was an April 7, 1994, affidavit of Terry Smith, the natural mother of the child, who averred that she had assigned her right to child support to the Office or had contracted with the Office for its services. The Office asked the chancellor to find Harnage to be the father and to order him to pay a reasonable sum for support.

Harnage filed an answer denying that he was the child's father. He moved to dismiss the complaint on the grounds that the Office was not a real party in interest and thus had no standing to bring the paternity suit. In response to this motion, the Office submitted a contract entered between it and Terry Smith on February 28, 1994, prior to the child's eighteenth birthday, whereby Terry assigned her right to child support to the Office pursuant to Ark. Code Ann. § 20-76-410 (Repl. 1993). The Office asserted that it was a real party in interest under § 9-14-210(d)(2).

Thereafter, Harnage filed an amended answer in which he maintained that the Office had no standing and that there was no compelling state interest to pursue the paternity action because the child was a *sui juris* adult who received no public assistance during her minor years. Following a hearing, the chancellor dismissed the action.

The Office's sole argument on appeal is that the chancellor erred in concluding that it was not a real party in interest and thus had no standing to bring the paternity complaint against Harnage. Particularly, the Office asserts that the plain wording of Ark. Code Ann. §§ 9-10-104 and 9-14-210 (Repl. 1993) specifically gives it the right to bring the paternity complaint at issue. In his brief, Harnage maintains that the chancellor correctly dismissed the complaint because § 9-14-210 limits the grant of standing to "§ 20-76-410 involving grants to dependent children and § 20-77-109 involving medicare assistance on behalf of the child."

In interpreting statutes, we give words their ordinary meaning and attempt to give effect to legislative intent:

> The beginning point in interpreting this statute, as with all statutes, is to construe the words just as they read and to give them their ordinary and accepted meaning. In addition, this court adheres to the basic rule of statutory construction which is to give effect to the intent of the legislature, making use of common sense.

*State* v. *Johnson,* 317 Ark. 226, 876 S.W.2d 577, 579 (1994) (citations omitted). *See also State* v. *Gray,* 322 Ark. 301, 908 S.W.2d 642 (1995).

First, it should be noted that Ark. Code Ann. § 9-10-104 (Repl. 1993) provides that petitions for paternity establishment may be filed by a biological mother, a putative father, a person for whom paternity is not presumed or established by court order, or the Department of Human Services. Pursuant to Act 957 of 1993, the legislature transferred the Child Support Enforcement Unit of the Division of Economic and Medical Services of the Department of Human Services to the Office of Child Support Enforcement of the Revenue Division of the Department of Finance and Administration. This transfer was a type 2 trans-

fer; therefore, the statutory authority of the Department of Human Services was transferred to the Office of Child Support Enforcement. *See* Ark. Code Ann. § 25-2-105(a) (Repl. 1993). Thus, it is apparent that the Office could file the petition for paternity establishment under § 9-10-104. Under Ark. Code Ann. § 9-10-102 (Repl. 1993), "[a]ctions brought in the State of Arkansas to establish paternity may be brought at any time."

■■ The principal statute at issue is § 9-14-210(d). This is the statute upon which Harnage relies. It provides in pertinent part as follows:

> The State of Arkansas is the real party in interest for purposes of establishing paternity and securing payment of benefits paid and assigned past due support, future support, and costs in actions brought to establish, modify or enforce an order of support in any of the following circumstances:

> (1) Whenever aid under §§ 20-76-410 or 20-77-109 is provided to a dependent child; or

> (2) *Whenever a contract and assignment for child support services has been entered into for the establishment or enforcement of a child support obligation for which an assignment under § 20-76-410 is not in effect; or*

> (3) Whenever duties are imposed on the state pursuant to the Uniform Interstate Family Support Act, § 9-17-101 et seq.

(Emphasis added.) In the present case, Terry Smith entered into a contract and assignment of child support services with the Office. The three criteria in this statute are listed in the disjunctive, and the Office is a real party in interest when any one of the three conditions is met. Nowhere in § 9-14-210(d)(2) does it require that public funds be expended on behalf of the child before the Office is deemed a real party in interest under this subdivision. We have held that, where the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Arkansas Dep't of Human Serv. v. State*, 312 Ark. 481, 850 S.W.2d 847 (1993). *See also Mings v. State*, 316 Ark. 650, 873 S.W.2d 559 (1994); *State v. Johnson, supra.* Because the

chancellor's ruling runs contrary to the clear and definite meaning of the statute, we must conclude that its decision was in error.

Reversed and remanded.