The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion concerning the procedure for "absentee voting." Specifically, your question refers to the use of the term "designated bearer" in A.C.A. § 7-5-403(a)(2)(A)(iii)(a), and § 7-5-405(2). Your question is whether there are any "qualifying restrictions" on the term "designated bearer," "i.e., may any person be named a designated bearer to deliver a completed absentee application and receive the absentee voter's ballot from the County Clerk's office?"
The sections you have referenced govern the process for a voter to transmit his completed application for an absentee ballot to the county clerk. The statutes were amended in 1995, by identical Acts 686 and 948, and the relevant portions now provide as follows:
 (a)(2) Delivery of the request for an absentee ballot to the county clerk may be made in one (1) of the following ways, and in no other manner:
(A) For applications submitted using the form prescribed in § 7-5-405:
(i) In person. . . .
(ii) [B]y mail. . . .
 (iii)(a) A relative or designated bearer may deliver the completed application to the office of the county clerk of the county of residence of the applicant not later than the time the county clerk's office regularly closes on the day before the day of the election.
 (b) A voter who is homebound and having no relative in the county may designate any qualified elector in the county to deliver the application.
 (c) `Relative' includes husband, wife, son, son-in-law, daughter, daughter-in-law, sister, sister-in-law, brother, brother-in-law, father, father-in-law, mother, mother-in-law, grandparent, grandchild, aunt, uncle, niece, nephew, great-grandparent, or great-grandchild of the applicant. [Emphasis added.]
Subsection (a)(2)(A)(iii) above, as originally enacted by Acts 686 and 948, was all one paragraph, and not broken down by subparts (a), (b) and(c). It appears from an isolated reading of the subsection above, that the term "designated bearer" may have reference only to the person selected to deliver the application of a homebound voter who has no relative in the county, and that all other persons[1] are restricted to the use of a "relative" to deliver their applications. Subsection (iii)(a) refers to a "relative" or "designated bearer" in the disjunctive; as an either/or proposition. Subsections (b) and (c), however, appear to elaborate on and qualify the use of the terms "relative" and "designated bearer" as applying only to the instances enumerated (i.e., only "homebound" voters may select "designated bearers" and only the "relatives" enumerated meet the definition of a "relative" for other voters. It can thus be argued that the term "designated bearer" only has reference to the person selected by a homebound voter to deliver the application. If the statute was intended to mean that a "designated bearer" may deliver a completed absentee ballot application for any and all voters, why would it be necessary to set out the fact that a homebound voter could designate any qualified elector to deliver the application? Wouldn't such a homebound voter already have that right, just as any other voter to select a "designated bearer?" In addition, if any voter could designate any bearer of their choosing, why was it necessary to delineate so painstaking the definition of a relative? If any voter can select any designated bearer of his choosing, why would it still be necessary to determine whether in fact the party delivering the application was a "relative?"
It thus appears, from a reading of A.C.A. § 7-5-403, standing alone, that the term "designated bearer" may be limited to those instances in which a homebound voter having no relative designates a qualified elector to deliver their application.
Another provision of the subchapter, however, amended by the same 1995 acts giving rise to the section above, contains evidence of a contrary legislative intent. You have referenced this section, A.C.A. § 7-5-405, which sets out the standard application form to be used by all persons to apply for an absentee ballot. Subsection (2) of this statute provides in pertinent part, as a part of that form, the following:
(2) I am delivering this application by: [check one]
 Personally delivering this application.
 Mailing this application.
 Authorizing my husband, wife, son, son-in-law, daughter, daughter-in-law, sister, brother, father, mother, sister-in-law, brother-in-law, father-in-law, mother-in-law, grandparent, grandchild, aunt, uncle, niece, nephew, great-grandparent, or great-grandchild, or designated bearer (circle one and insert their name), . . . . . . . . . to deliver this application. [Emphasis added.]
This statute appears to make the selection of a "designated bearer" an option for all persons wishing to vote absentee, as it includes such a selection as an optional choice on the standard form to apply for an absentee ballot. This same choice is granted on the standard application form on the question of who will deliver the actual absentee ballot to the voter. See A.C.A. § 7-5-405(3) (requiring the voter to check one of the following as to how he or she will receive the ballot: 1) pick it up themselves; 2) by mail; or 3) "Bearer" . . . (insert name of relative, agent, or designed bearer).[2]
In sum, there are conflicting evidences of legislative intent as to the use of "designated bearers" to deliver completed applications for ballots and to receive ballots for delivery to the voter. Section 7-5-403 may indicate that the use of designated bearers was to be limited to "homebound" voters with no relatives, and § 7-5-405 indicates that the use of "designated bearers" is an option for all persons wishing to vote absentee. The statutes could thus benefit from legislative clarification. In the absence of such clarification, however, it must be noted that the primary goal of statutory construction is to discern and give effect to the intention of the legislature. State Office of ChildSupport Enforcement v. Harnage, 322 Ark. 461, 910 S.W.2d 207 (1995). It is my opinion, viewing the statutory scheme as a whole, that the intention of the legislature in passing Acts 686 and 948 (which gave rise the statutory sections you mention), was to loosened the stringent requirements as to who may deliver a completed application for an absentee ballot. Although the statutory scheme does arguably contain conflicting evidence of this intent, it has been held that a court must presume that the legislative intent and purpose is consistent throughout the same enactment. Bailey v. Jones, 243 Ark. 431, 419 S.W.2d 585
(1967). It is therefore my opinion that a court faced with the question would most probably conclude that all voters wishing to vote absentee and filling out the standard application form, may select a "designated bearer" to deliver their completed application and from whom to receive the absentee voter's ballot.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is an exception for persons in hospitals and nursing homes who may appoint an "authorized agent" bearing an affidavit of the voter's status.
[2] It appears, however, that as to the actual delivery of thecompleted ballot to the county clerk, A.C.A. § 7-5-409(b)(4) (Supp. 1995), does not contain a choice of "designated bearer" to perform such task in the voting materials supplied with the actual ballot to the absentee voter. The only choices listed are 1) in person; 2) by mail; 3) relative; or 4) authorized agent of person in nursing home or hospital.