The Honorable Bobby Glover State Representative P.O. Box 1 Carlisle, AR 72024-0001
Dear Representative Glover:
You have requested an Attorney General opinion concerning the Commission on Water Well Construction.
You have asked:
 Does A.C.A. § 17-50-201 require that the principal place of business of the well-drillers who are appointed to the Commission be located in the state of Arkansas?
RESPONSE
It is my opinion that although the provisions of A.C.A. § 17-50-201 are not entirely clear, they should be interpreted to require that the principal place of business of the well-drillers who are appointed to the Commission be located in the state of Arkansas.
A.C.A. § 17-50-201 states in pertinent part:
 (a) There is created a Commission on Water Well Construction which shall exercise its duties as provided by this chapter.
(b) The commission shall consist of seven (7) members, composed of:
* * *
(4)(A) Four (4) persons who are, by trade, water well drillers.
(B) The water well drilling members shall be:
 (i) Two (2) water well drillers whose principal place of business is southeast of the fall line in Arkansas, and who are actively engaged in the construction of water wells and pump installation in the Mississippi Embayment or Gulf Coastal Plain as represented on the geologic map of Arkansas; and
 (ii) Two (2) water well drillers whose principal place of business is northwest of the fall line in Arkansas and who are actively engaged in the construction of water wells and pump installation business in the Ozark Region, Arkansas River Valley, or Ouachita Mountain Region as represented on the geologic map of Arkansas.
A.C.A. § 17-50-201(4).
The term "fall line," as used in the above-quoted statute, is not defined statutorily. The beginning point in interpreting a statute is to construe the words just as they read and to give them their ordinary and accepted meaning. Minnesota Mining Mfg. v. Baker, 337 Ark. 94, 989 S.W.2d 151
(1999); Office Of Ch. Sup. Enforcement v. Harnage, 322 Ark. 461,910 S.W.2d 207 (1995). In ordinary and accepted usage, the term "fall line" refers to a line drawn within the boundaries of the state as a reference tool for dividing and identifying the two major geological regions of the state. The "fall line" has been explained as follows:
 As can be seen on the Arkansas State Geological Map, a well defined line of demarcation trends generally northeast-southwest across the state from Sevier County to Clay County, dividing the state approximately in halves. This "Fall Line" serves to separate the region of Paleozoic outcrops of various ages, on the west, from the unconsolidated, younger sediments of the Gulf Coastal Plain, on the east.
William M. Caplan, "Subsurface Geology and Related Oil and GasPossibilities of Northern Arkansas," 20 AGC BULLETIN 20.
As indicated in the above-quoted reference, the term "fall line" refers to a geological phenomenon that occurs within the boundaries of the state. Because the term is used only for this purpose, it follows that the use of the phrase "in Arkansas" in A.C.A. § 17-50-201 would be redundant and unnecessary if it referred to the term "fall line," (since the term "fall line," by definition, includes the notion of "in Arkansas"). It would not be redundant, however, if the term were used to modify the term "principal place of business." A well-established rule of statutory interpretation is one under which statutes should be interpreted so as to give meaning and significance to all words therein.Monsanto Chemical v. Thornbrough, 229 Ark. 362, 314 S.W.2d 493 (1958).Accord, Town of Wrightsville v. Walton, 255 Ark. 523, 501 S.W.2d 241
(1973). When I apply that rule of statutory construction to A.C.A. §17-50-201, I must conclude that the phrase "in Arkansas" should be interpreted to modify the term "principal place of business," rather than the term "fall line."
Under this interpretation of the statute, the principal place of business of the well drillers who are appointed to the Commission must be located "in Arkansas."[1]
I must note that a board member who is in violation of A.C.A. §17-50-201(4), but who was otherwise duly appointed, would likely be deemed a de facto officer, and his acts, as such, would be valid and enforceable. See, e.g., Bell v. State, 334 Ark. 285, 973 S.W.2d 806
(1998); Chronister v. State, 55 Ark. App. 93, 931 S.W.2d 444 (1996); Op. Att'y Gen. No. 2000-008. The location of any member's principal place of business and his de facto status are questions of fact that I cannot determine.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that Article 19, § 4 of the Arkansas Constitution requires that all civil officers for the state reside within the state. Members of state boards and commissions are deemed to be "civil officers" within the meaning of this provision. See Op. Att'y Gen. No. 96-037. Although this provision refers to residence and not to place of business, it may nevertheless be pertinent to a candidate whose principal place of business is located outside the state.